## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL WAYNE POWELL,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-04-BE-03434-S** |
| | ] | |
| **ROBERT W. STANLEY, TAYLOR** | ] | |
| **METAL ROOFING & SIDING,** | ] | |
| **INC., TAYLOR METALS, INC.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This case is before the court on Defendant's Motion for Partial Summary Judgment (doc. 22). The court finds that Defendant's Motion is due to be **GRANTED**.

### STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. However, the nonmovant can defeat

summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

## DISCUSSION

Plaintiff Michael Wayne Powell sued Defendants Robert W. Stanley, Taylor Metal Roofing and Siding, Inc., and Taylor Metals, Inc.[1] for personal injuries sustained in connection with a tractor trailer accident.  Plaintiff alleges that he was run over by a tractor trailer driven by Stanley, who was operating the tractor trailer within the scope of his employment with Taylor Metal Roofing and Siding ("Taylor Metals").  In this Motion, Defendant Taylor Metals seeks partial summary judgment for Count Three's negligent entrustment claim and Count Four's negligent supervision claim.[2]  Taylor Metals' legal theory is that no genuine issue of fact exists as to Stanley's incompetence as a truck driver.  Plaintiff argues that this Motion should be denied due to Taylor Metals' failure to comply with various Federal Motor Carrier Safety Regulations.

Stanley's alleged incompetence is a necessary element in Count Three's negligent entrustment claim and Count Four's negligent supervision claim.  The elements of a negligent entrustment action are: "(1) an entrustment; (2) to an incompetent; (3) with knowledge that he [or she] is incompetent; (4) proximate cause; and (5) damages."  *Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45, 51 (Ala. 1995).  To prove a negligent supervision claim, Plaintiff must establish "affirmative proof that the alleged incompetence of the employee was actually known to the employer or was discoverable by the employer if it had exercised care and proper diligence."

---

[1]In their Answer, Defendants asserted that Taylor Metals, Inc. is the same entity as Taylor Metal Roofing and Siding, Inc.  This fact does not appear to be disputed.  Consequently, this memorandum opinion does not consider Taylor Metals, Inc. as a party to this lawsuit.

[2]Count Four asserts claims for negligent hiring, training and supervision.  These claims are grouped together into the category of negligent supervision.  *See Zielke v. AmSouth Bank*, 703 So. 2d 354, 358, n.1 (Ala. Civ. App. 1996).

*Portera v. Winn Dixie of Montgomery, Inc.*, 996 F. Supp. 1418, 1438 (M.D. Ala. 1998).  Plaintiff

must, therefore, establish a genuine issue of fact as to Stanley's incompetence as a truck driver to

survive summary judgment as to Counts Three and Four.

The Supreme Court of Alabama has addressed incompetence in the context of negligent

truck driving:

> Incompetency, as related to the law of negligence, connotes 'want of ability
> suitable to the task, either as regards natural qualities or experience, or deficiency
> of disposition to use one's abilities and experience properly.  Incompetency
> connotes the converse of reliability.  The term may include something more than
> physical and mental attributes; it may include want of qualification generally, such
> as habitual carelessness, disposition, and temperament.
>
> *            *            *
>
> Negligence is not synonymous with incompetency.  The most competent may be
> negligent.  But one who is habitually negligent may on that account be
> incompetent.

*McGowin v. Howard*, 36 So. 2d 323, 325 (Ala. 1948) (internal citations omitted) (determining

that driver's reputation for wild and reckless driving, reputation for driving under the influence of

alcohol, and defendant's notice of such behavior was sufficient to create a jury question as to

driver's competence).

Taylor Metals offers Stanley's deposition to show that (1) Stanley had twenty-eight years

experience as a truck driver and twenty-one of those years entailed driving a tractor trailer; (2)

Stanley never had a traffic citation while driving his commercial or personal vehicles, (3) he

never had his licenses suspended or revoked; and (4) he had only one prior accident - a not-at-

fault accident that occurred twenty-six years ago.[3]  Plaintiff, on the other hand, presented

evidence related to Taylor Metals' duty to inquire – specifically, Taylor's numerous violations of

---

[3]Stanley Dep., pp. 8-11, 17-19.

3

the Federal Motor Carrier Safety Regulations.[4]  While Plaintiff established that Taylor Metals

failed to comply with FMCR regulations, he did not establish a genuine issue of fact regarding

Stanley's incompetence as a truck driver.

Plaintiff also relied on *La Croix v. Spears Mattress Co.* for the proposition that an

employer's failure to inquire pursuant to the FMCS regulations created a jury question as to

whether the driver was a safe driver.  *La Croix v. Spears Mattress Co.*, 2005 WL 1924712, *3

(M.D. Ga. 2005).  However, the driver in *La Croix* had received at least three moving violations

within the six years preceding the accident, two of which involved accidents in a commercial

vehicle.  *La Croix*, 2005 WL 1924712, 1, 3  (M.D. Ga. 2005).  In contrast, the record in this case

lacks any evidence of moving violations in Stanley's twenty-eight years of driving trucks.

Although Stanley was involved in an accident twenty-six years ago, that accident is too remote to

justify classifying Stanley as an incompetent driver, particularly when there is no evidence that he

was at fault in that accident.  *See Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45, (Ala. 1996)

(concluding that a driver's record of two speeding tickets and a DUI charge over a ten year period

was not sufficient to support a claim of the driver's incompetence or negligent entrustment.)

Plaintiff's Response further points out that Defendant's evidence comes from Stanley's

own deposition testimony.  While this evidence might be self-serving, it suffices to establish

Stanley's competence as a truck driver, especially when Plaintiff did not offer any evidence to the

contrary.  Consequently, Plaintiff failed to carry his burden to show a genuine issue of fact with

respect to Stanley's incompetence as a truck driver.

## CONCLUSION

Incompetence is a necessary element for claims of negligent entrustment and negligent

---

[4]Reply, p. 1.

supervision.  Taylor Metals submitted evidence that Stanley was a competent driver.  Plaintiff did not provide facts to dispute Taylor Metals' evidence.  Accordingly, there is no genuine issue of material fact, and Counts Three and Four fail as a matter of law.

Defendant Taylor Metals' Motion for Partial Summary Judgment as to Count Three's negligent entrustment and Count Four's negligent supervision claims is **GRANTED**.  The case will proceed with respect to Counts One and Two.  The docket sheet will reflect that Taylor Metals, Inc. is not a party to the lawsuit.

DONE and ORDERED this 10th day of January, 2006.


_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE